IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| JANNA GRANT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  1:25cv979 |
| | ) |
| ASHLEY FURNITURE INDUSTRIES, | ) |
| LLC, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

THOMAS D. SCHROEDER, District Judge.

This employment case is before the court on the motion to transfer venue by Defendant Ashley Furniture Industries, LLC ("Ashley Furniture"). (Docs. 17, 19.) Plaintiff Janna Grant has filed a response in opposition (Doc. 23), and Ashley Furniture has replied (Doc. 25). Ashley Furniture has also filed a second motion to stay pending resolution of its motion to transfer venue (Docs. 20, 21), to which Grant filed a response in opposition (Doc. 22), and Ashley Furniture filed a reply (Doc. 24). For the reasons set forth below, Ashley Furniture's motion to transfer venue will be granted, and its motion to stay will be denied as moot.

## I.   BACKGROUND

Ashley Furniture is a limited liability company established pursuant to the laws of Florida with its headquarters in Tampa, Florida, and it designs, manufactures, and distributes furniture throughout North Carolina, the United States, and the rest of the

world.  (Doc. 16 ¶ 3.)  Grant resides in Montgomery County, North Carolina, and in January 2005, Ashley Furniture hired her as an Associate Marketing Specialist.  (Id. ¶¶ 2, 5.)  She was promoted to Senior Marketing Specialist in June 2006, and she covered an area comprising most of eastern North Carolina.  (Id. ¶¶ 5, 8.)

Throughout Grant's tenure with Ashley Furniture, she and the company repeatedly executed an Independent Contractor Agreement (the "Agreement") with a one-year term subject to renewal by either party.  (Id. ¶ 48; see Doc. 19-1 at 11.)  The Agreement outlines Grant's employment status with Ashley Furniture and the terms and conditions of the working relationship.  (Doc. 19-1 at 2-5.)  Moreover, the Agreement contains a mandatory forum-selection clause, which provides in relevant part:

> Any legal suit, action or proceeding arising out of or related to this Agreement or the Services provided hereunder will be instituted exclusively in the federal courts of the United States or the courts of the State of Florida in each case located in or near the County of Hillsborough, and each party irrevocably submits to the exclusive jurisdiction of such courts in any suit, action or proceeding.

(Id. at 10 (emphasis added).)  In November 2023, however, Ashley Furniture informed Grant that it would not renew the Agreement for 2024.  (Doc. 16 ¶ 51.)

Grant commenced this action in the General Court of Justice, Superior Court Division of Forsyth County, North Carolina in September 2025, alleging violations of Title VII of the Civil

2

Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"), the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq. ("ADEA"), and North Carolina public policy as expressed in North Carolina General Statute § 143.422-2. (Doc. 3.) Ashley Furniture timely removed the case to this court (Doc. 1), and the parties filed a joint motion to stay the case pending mediation (Doc. 7), which the court granted (Doc. 8). The parties then filed a joint motion for an extension of time to mediate (Doc. 9), which the court granted (Doc. 10).

One day before the deadline to answer or otherwise respond to Grant's complaint, Ashley Furniture filed its first motion to transfer venue to the United States District Court for the Middle District of Florida, Tampa Division, pursuant to 28 U.S.C. § 1404(a). (Doc. 11.) In response, Grant filed an amended complaint with the same claims.[1] (Doc. 16.) Ashley Furniture then refiled its motion to transfer venue along with a motion to stay the case pending resolution of the motion to transfer. (Docs. 17, 20.) Both motions are now fully briefed and ready for decision.

---

[1] The court declines to address the issue of whether a plaintiff may file an amended complaint as a matter of course pursuant to Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure in response to a motion to transfer venue where, as here, the court's resolution of the pending motions does not turn on identifying the operative complaint.

3

## II.  ANALYSIS

### A.    Standard of Review

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."  28 U.S.C. § 1404(a).   Thus, § 1404(a) "provides a mechanism for enforcement of forum-selection clauses that point to a particular federal district."  Atl. Marine Constr. Co. v. U.S. Dist. Ct. for the W. Dist. of Tex., 571 U.S. 49, 59 (2013).  "[A] proper application of § 1404(a) requires that a forum-selection clause be 'given controlling weight in all but the most exceptional cases.'"  Id. at 59-60 (quoting Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 33 (1988) (Kennedy, J., concurring)).

"As a general matter, courts enforce forum selection clauses unless it would be unreasonable to do so."  BAE Sys. Tech. Sol. & Servs., Inc. v. Republic of Korea's Def. Acquisition Program Admin., 884 F.3d 463, 470 (4th Cir. 2018) (citing M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 15 (1972)).  A district court may find forum-selection clauses unreasonable if:

> (1) their formation was induced by fraud or overreaching;
> (2) the complaining party "will for all practical purposes be deprived of his day in court" because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law may deprive the plaintiff of a remedy; or (4) their enforcement would contravene a strong public policy of the forum state.

4

Allen v. Lloyd's of Lond., 94 F.3d 923, 928 (4th Cir. 1996) (quoting Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 595 (1991)). Ultimately, "the plaintiff bears the burden of proving why [the forum-selection clause] should not be enforced." BAE Sys., 884 F.3d at 471 (citing Atl. Marine, 571 U.S. at 64, 67).

### B.    Whether a Valid Forum-Selection Clause Exists

In contesting Ashley Furniture's motion to transfer, Grant argues that the Agreement's forum-selection clause fails to set a geographic boundary and therefore cannot be enforced due to ambiguity.  (Doc. 23 at 6-7.)  Specifically, Grant contends that the phrase "in or near" fails to sufficiently limit the geographic scope of the forum-selection clause.  (Id. at 7.)  She further asserts that multiple states contain a "County of Hillsborough." (Id. at 7-8.)  Ashley Furniture counters that the clause, when read in context, "is specific, mandatory, exclusive, and tethered to a defined geographical boundary."  (Doc. 25 at 8.)

Generally, "forum-selection clauses using geographical limitations permit the case to be filed with any court, whether state or federal, that is located within the contractually described geographical boundary." Bartels ex rel. Bartels v. Saber Healthcare Grp., LLC, 880 F.3d 668, 676 (4th Cir. 2018) (emphasis omitted). Grant points to Sears Contract, Inc. v. Sauer Inc., 378 F. Supp. 3d 435, 438 (E.D.N.C. 2019), where the court declined to enforce a

5

forum-selection clause because of geographic ambiguity. Specifically, the clause in Sears required disputes between the parties to be resolved "within the exclusive venue of [the defendant's] office address written above." Sears, 378 F. Supp. 3d at 438. The court found the forum-selection clause was "missing key language resulting in its ambiguity," reasoning that "'office address' . . . may signify the street address, the city, the state as a whole, or even the United States, as opposed to some other country." Id. at 440.

Here, unlike the forum-selection clause in Sears, the Agreement's forum-selection clause specifies the required forum state, county, and court systems for this dispute. It provides that any dispute arising from the Agreement must "be instituted exclusively in the federal courts of the United States or the courts of the State of Florida in each case located in or near the County of Hillsborough." (Doc. 19-1 at 10.) In context, the court agrees with Ashley Furniture that the only reasonable interpretation of the Agreement's reference to Hillsborough County is as a reference to Hillsborough County, Florida. (See Doc. 25 at 5.) As Grant concedes, only Hillsborough County, Florida could possibly satisfy the Agreement's requirement that the parties pursue state litigation in "the courts of the State of Florida . . . located in or near the County of Hillsborough." (See Doc. 23 at 7.) It would constitute an unreasonable interpretation, then, for the Agreement to require

6

federal litigation in <u>any</u> Hillsborough County, but to require state litigation in <u>only</u> Hillsborough County, Florida.

The Agreement's use of the phrase "in or near" might present a closer call. As Grant rightly asserts, "near" fails to set a clear geographic boundary, and different individuals may disagree whether a particular venue is "near" Hillsborough County, Florida based on their own relative locations. (Doc. 23 at 7.) But again, the phrase "in or near" does not appear in isolation, as the forum-selection clause references the state courts of Florida and immediately follows a mandatory Florida choice-of-law provision. (<u>See</u> Doc. 19-1 at 10 ("This Agreement will be construed and governed in accordance with the Laws of the State of Florida, without regard [to] conflict of law principles.").) Thus, contrary to Grant's argument, it would be unreasonable for the parties to this contract (an individual residing in North Carolina and a limited liability company headquartered in Hillsborough County, Florida) to interpret "in or near the County of Hillsborough" as encompassing the state or federal courts of North Carolina. And regardless, Ashley Furniture seeks to enforce the forum-selection clause by transferring the case to the United States District Court for the Middle District of Florida, Tampa Division, which is headquartered <u>in</u> Hillsborough County. (<u>See</u> Doc. 17 at 1.) The terms of the Agreement clearly provide for such a transfer, and so the court finds the forum-selection clause enforceable in this case.

7

### C.  Whether Transfer Is Warranted

Even if an enforceable forum-selection clause exists, Grant contends that North Carolina's "strong public policy" against enforcement of forum-selection clauses as evidenced by North Carolina General Statute § 22B-3,[2] the presence of a North Carolina state law claim, and Title VII's policy in favor of the plaintiff's choice of forum militate against transfer.  (Doc. 23 at 9-11.)  She further asserts this action's "strong connection" to North Carolina, coupled with its lack of connection to Florida, renders the forum-selection clause invalid.  (Id. at 11-12.)  Ashley Furniture counters that federal law favors enforcement of the clause regardless of any North Carolina statute, that federal courts routinely apply the laws of forums other than the one in which they sit, that Title VII has no bearing on the transfer calculus, and that the forum-selection clause overrides any of Grant's asserted private interests.  (Doc. 25 at 9-12.)

"The presence of a valid forum-selection clause requires district courts to adjust their usual § 1404(a) analysis in three ways."  Atl. Marine, 571 U.S. at 63.  Two are relevant here.  "First, the plaintiff's choice of forum merits no weight."  Id.  And second, "[w]hen parties agree to a forum-selection clause, they waive the

---

[2] In relevant part, the statute provides: "[A]ny provision in a contract entered into in North Carolina that requires the prosecution of any action . . . that arises from the contract to be instituted or heard in another state is against public policy."  N.C. Gen. Stat. § 22B-3.

right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation." Id. at 64. The district court therefore "should not consider arguments about the parties' private interests," and instead consider only arguments about the public-interest factors. Id. These public-interest factors include: "(1) 'the administrative difficulties flowing from court congestion,' (2) 'the local interest in having localized controversies decided at home,' and (3) 'the interest in having the trial of a diversity case in a forum that is at home with the law.'" Nat'l Equip. Dealers, LLC v. IROCK Crushers LLC, 815 F. Supp. 3d 406, 415 (M.D.N.C. 2025) (quoting Atl. Marine, 571 U.S. at 62 n.6).

Here, Grant has not provided any substantial evidence related to the public-interest factors. As for her argument regarding North Carolina General Statute § 22B-3, "[f]ederal courts in North Carolina have repeatedly rejected similar attempts to rely on § 22B-3 to avoid the application of otherwise valid forum selection clauses." Id. at 416 n.8; see, e.g., Turfworthy, LLC v. Dr. Karl Wetekam & Co. KG, 26 F. Supp. 3d 496, 509 (M.D.N.C. 2014). To find otherwise would permit "a state law to functionally enact a per se prohibition on forum selection clauses," thereby running afoul of the principle that federal law governs a federal court's forum-selection clause analysis. Nat'l Equip. Dealers, 815 F. Supp. 3d at 416 n.8.

As for Grant's North Carolina state law claim, "federal judges routinely apply the law of a State other than the State in which they sit."[3]  Atl. Marine, 571 U.S. at 67.  Next, though Title VII provides that "an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed," the same sub-provision designates the district where the defendant maintains its principal office as "a district in which the action might have been brought" for purposes of 28 U.S.C. §§ 1404 and 1406.[4]  See 42 U.S.C. § 2000e-5(f)(3).  As noted, Ashley Furniture maintains its headquarters in Tampa, Florida. (Doc. 16 ¶ 3.)  And finally, to the extent that the court may employ the private factors to determine the validity – rather than the enforceability – of the forum-selection clause, the court finds that Grant has failed to prove that the clause is "unreasonable under the circumstances" presented here.  Cf. Sears, 378 F. Supp. 3d at 441-42 (quoting Allen, 94 F.3d at 928) (weighing the private interests and declining to transfer the case, despite the parties'

---

[3] Moreover, the fact that Grant's North Carolina state law claim for wrongful discharge in violation of North Carolina public policy rises or falls with her federal claims eliminates any difficulty in applying the relevant North Carolina substantive law.  See Perdue v. Sanofi-Aventis U.S., LLC, 999 F.3d 954, 962 n.5 (4th Cir. 2021) (first citing N.C. Gen. Stat. § 143.422-2(a); and then citing N.C. Dep't of Corr. v. Gibson, 301 S.E.2d 78, 82 (N.C. 1983)).

[4] As Ashley Furniture rightly contends, all of Grant's cited cases lending deference in Title VII actions to the plaintiff's choice of forum or the place where the "unlawful employment practice is alleged to have been committed" were decided prior to the Court's decision in Atlantic Marine. (See Doc. 23 at 11.)

10

forum-selection clause, in part because of a North Carolina statute concerning real property improvement contracts as well as the Miller Act's expressed "federal public policy in favor of venue at the place of the federal construction project giving rise to Miller Act jurisdiction").

## III. CONCLUSION

For these reasons,

IT IS THEREFORE ORDERED that Defendant Ashley Furniture's motion to transfer venue (Doc. 17) is GRANTED and this action is TRANSFERRED to the United States District Court for the Middle District of Florida, Tampa Division.

IT IS FURTHER ORDERED that Ashley Furniture's motion to stay pending resolution of its motion to transfer (Doc. 20) is DENIED AS MOOT.

/s/    Thomas D. Schroeder<br>
United States District Judge

July 15, 2026

11